

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHAUNA BUCKLEY, a mother and next of friend of CHLOYE DOUGLAS, a minor, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No: 05 C 1946 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER; JACK KAEBLER, M.D.; GAZALA SIDDIQUI, M.D.; HYUN-SHIK KANG, M.D.; GODWIN OGOCHUKWU ONYEMA, M.D.; ONYEMA MEDICAL SERVICES, LTD.; ACCESS COMMUNITY HEALTH NETWORK, an Illinois corporation, f/k/a SINAI FAMILY HEALTH CENTERS, INC.; LAWRENCE FOGELSON, M.D., EDWARD CHARLES LAMPLEY, M.D.; THE MOUNT SINAI COMMUNITY FOUNDATION, ) ) ) ) ) ) ) ) ) ) ) ) | Hon. John W. Darrah |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lashauna Buckley, as mother and next of friend of Chloye Douglas, filed a Complaint alleging medical malpractice against Godwin Ogochukwu Onyema, M.D. ("Onyema") and others regarding the care and treatment Defendant Onyema provided to Douglas in December 1998 at Mount Sinai Hospital Center n/k/a Access Community Health Network. Defendant Onyema filed a Cross-Claim against the United States and Access, seeking an order requiring the United States and Access, to defend and indemnify him. Currently before the Court is the United States' Motion to Dismiss Defendant Onyema's Cross-Claim.

1

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the cross-claim and any reasonable inferences drawn therefrom in the light most favorable to the cross-plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court must accept as true all well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*). However, "[t]he district court may properly look beyond the jurisdictional allegation of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long*, 182 F.3d at 554 (citation omitted). A district court may weigh evidence in determining whether jurisdiction has been properly established. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*United Phosphorous*). The burden of establishing federal jurisdiction is on the party asserting jurisdiction. *United Phosphorous*, 322 F.3d at 946.

## BACKGROUND

For purposes of this motion, the facts are taken from the Defendant's Cross-Claim and the procedural history of this and related cases.

### Factual Background

The Plaintiff, Lashauna Buckley, as mother and next of friend of Chloye Douglas, filed suit against Defendants, Mount Sinai Hospital Medical Center; Gazala Siddiqui, M.D; Jack Kaelber, M.D.; Hyun Shik Kang, M.D.; Godwin Ogochukwu Onyema, M.D.; Onyema

Medical Services, Ltd.; Access Community Health Network, f/k/a Sinai Family Health Centers; Lawrence Fogelson, M.D.; Edward Charles Lampley, M.D.; and the Mount Sinai Community Foundation. The Complaint alleged malpractice regarding the care and treatment Defendant Onyema rendered to the Plaintiff's daughter in December 1998.

Defendant Onyema filed a Cross-Claim against the United States and Access, alleging that both have a duty to indemnify and defend Defendant Onyema in the underlying suit pursuant to the Federal Tort Claims Act ("FTCA") and the Federally Supported Health Centers Assistance Act ("FSHCAA"). The FSHCAA expanded the federal government's waiver of sovereign immunity under the FTCA. Although the FTCA generally only covers employees of the federal government, under the FSHCAA, federally supported health centers, their employees, and certain contractors are deemed to be employees of the Public Health Service ("PHS") for the purpose of medical malpractice suits. 42 U.S.C. § 233 (g)(1)(A). Once a person is deemed an employee of PHS, the FTCA provides exclusive remedy for alleged malpractice. 42 U.S.C. § 233 (a). Under the FTCA, the government will be substituted as the party-defendant to defend and indemnify.

Defendant Onyema alleges that on July 1, 1997, the Department of Health and Human Services (HHS) informed the chief executive officer of Sinai Health Centers, n/k/a Access, that Sinai Health Centers was deemed to be an employee of the United States and, that thus, the United States would provide liability protection under the FTCA for damages for personal injury resulting from the performance of medical functions. Defendant Onyema argues that the United States and Access have a duty to indemnify and defend him because he was an employee of Sinai Family Health Center at the time of the alleged negligence and because that entity was provided liability protection under the FTCA.

3

## Procedural History

This case marks the fourth time a court in the Northern District of Illinois has been asked to decide Defendant Onyema's status under the FSHCAA and the FTCA. All four cases involved the same employment contract, signed on July 1, 1997, by Onyema through a professional corporation – Onyema Medical Service – which he founded and is the sole shareholder and employee.

### *The Alexander Case*

In 1999, Irma Alexander filed a medical malpractice suit against Mount Sinai Medical Center of Chicago and Sinai Health System in the Circuit Court of Cook County, Illinois. The complaint was later amended to include Onyema as a defendant. In May 2000, the United States removed the action to federal court based on HHS's determination that Onyema was a federal employee covered by the FTCA at all times relevant to the complaint. *Alexander v. Mount Sinai Hosp. Medical Center of Chicago*, 00-C-2907, 165 F. Supp.2d 768 (N.D. Ill., 2001) *(Alexander)*. In *Alexander*, Judge Kocoras held that because Onyema's professional corporation had contracted to provide his services to the federally supported health center, he was a "deemed" federal employee for purposes of FTCA; and the United States was substituted as defendant. Judge Kocoras found that "Onyema Medical Service acted as Onyema's alter ego with respect to his professional services relationship with Sinai." *Alexander*, 165 F. Supp.2d at 772. The case was then dismissed because the plaintiff failed to exhaust administrative remedies under the FTCA. *Alexander*, 165 F. Supp.2d at 772.

## The Buckley I Case

In 2001, Lashauna Buckley filed a lawsuit in Cook County, Illinois, against *inter alia* Mt. Sinai Hospital Medical Center n/k/a Access and Onyema, alleging medical malpractice. *Buckley v. Mt. Sinai Hospital*, 01-C-4938 (*Buckley I*).[1] In July 2001, the United States removed the lawsuit, and the United States was substituted as a defendant. HHS deemed the clinic to be a federal employee pursuant to FSHCAA. The removed lawsuit was assigned to U.S. District Judge Moran in the Northern District of Illinois. *Buckley I*, 01-C-4938 (N.D. Ill. Apr. 12, 2002). On October 10, 2001, Judge Moran dismissed the complaint for plaintiff's failure to exhaust administrative remedies as to Access. With respect to Defendant Onyema, Judge Moran held that because Onyema is "not a federal employee," there is no basis for federal jurisdiction. In January 2002, Defendant Onyema moved for reconsideration, claiming the decision was incorrect because he had been deemed a federal employee in *Alexander*. The United States responded that a mistake had been made by HHS in the *Alexander* case (when HHS deemed Defendant Onyema a federal employee) because he had not contracted directly with the Access clinic to provide medical services. Judge Moran denied the Motion to Reconsider, reasoning: "The Department has reverted to a bright line standard, only contractors are deemed federal employees, and that is a reasonable construction we believed [sic] compelled to follow." *Buckley I*, 01-C-4938 (N.D. Ill. Apr.12, 2002) . The case was remanded to state court.

---

[1] The plaintiff and the facts in the *Buckley I* case are the same as in the underlying case currently before this Court.

5

## The Buckley II Case

In October 2004, after exhausting administrative remedies as to Mt. Sinai Hospital Medical Center n/k/a Access, Plaintiff Lashauna Buckley filed suit in the Circuit Court of Cook County, again naming Access and Onyema as Defendants. (*Buckley II*). On February 4, 2005, the United States again removed the case to the U.S. District Court for the Northern District of Illinois. In June 2005, Defendant Onyema filed the Cross-Claim for indemnification and defense against Access and the United States, alleging that Onyema is covered under the FTCA pursuant to the FSHCAA. This case was assigned to this Court. In November 2005, the Plaintiff voluntarily dismissed Mt. Sinai Hospital Medical Center n/k/a Access as a Defendant. Defendant Onyema's Cross-Claim is the subject of the United States' Motion to Dismiss.

## The Ismie Case

On February 8, 2006, after the United States' Motion to Dismiss was fully briefed, United States District Court Judge Joan B. Gottschall issued a memorandum opinion and order in the fourth case involving Onyema's status under the FTCA and the FSHCAA, *Ismie Mutual Insurance Co. v. HHS*, 413 F. Supp.2d 954 (N.D. Ill. 2006) (*Ismie*). The *Ismie* suit was brought by Defendant Onyema's insurer, Ismie Mutual Insurance Co., seeking review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* of HHS's negative coverage determination related to Onyema. The case arose in the context of a lawsuit filed by Sherry Avery against Access and Onyema in the Circuit Court of Cook County in August 2001. On April 20, 2004, HHS deemed Access to be covered by the FSHCAA but determined that Onyema was not covered because he had not contracted directly with Access. Based on its determination that Access was covered by the FSHCAA, the United States removed the case to

federal court in *Avery v. United States*, 04-C-3225 (N.D. Ill). Ismie Mutual Insurance Company, Onyema's medical malpractice insurer, had been providing him with a defense in state court before removal. Onyema's malpractice insurance policy provides that claims that could be covered under the FTCA are excluded from coverage under the policy. Thus, pursuant to the APA, Ismie sought review before Judge Gottschall of the determination by HHS that Onyema was excluded from coverage under the FTCA and the FSHCAA.

Judge Gottschall's memorandum opinion and order granted Ismie's motion for summary judgment, holding that HHS's decision that Onyema was not covered under the FTCA was contrary to law under the APA. *Ismie Mutual Insurance Co. v. HHS*, 04-C-7217 (N.D. Ill. Feb. 8, 2006). In so holding, Judge Gottschall noted that "Onyema's contract with Access stated that the contract is with 'Onyema Medical Service, Ltd., an Illinois Medical Service Corporation whose *employee* is a *physician* licensed to practice medicine in all its branches in the state of Illinois. . . . Onyema signed the contract on the signature line under "Physician" on behalf of his eponymous professional corporation of which Onyema is the sole shareholder and employee." *Ismie Mutual Insurance Co. v. HHS*, 04-C-7217, at *12 (N.D. Ill. Feb. 8, 2006). Therefore, the court concluded that Onyema acted as the alter ego of the Onyema Medical Service, Ltd. in its contract with Access and, thus, was deemed to be a federal employee. *Ismie Mutual Insurance Co. v. HHS*, 04-C-7217, at *12 (N.D. Ill. Feb. 8, 2006).

## ANALYSIS

The United States seeks to dismiss the Cross-Claim on the basis that (1) there is no subject matter jurisdiction for the Cross-Claim, and (2) the Cross-Claim is barred by the doctrines of law of the case, *res judicata,* and collateral estoppel.

## Lack of Subject Matter Jurisdiction

The United States asserts that the Court lacks jurisdiction over the Cross-Claim because the Court's original jurisdiction is gone and that there is no other independent basis of jurisdiction for the Cross-Claim. On November 20, 2005, the Plaintiff dismissed Access as a Defendant in the underlying suit. The parties agreed in open court that the dismissal of Access mooted the United States' motion as to subject matter jurisdiction and left the Cross-Claim as the only action remaining in federal court; the other claims are state-law claims. The United States asserts that Defendant Onyema's Cross-Claim does not create federal jurisdiction of itself and that there is not a derivative source of jurisdiction to sustain it. Defendant Onyema counters that the Court has jurisdiction over his Cross-Claim based on the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

The Little Tucker Act confers jurisdiction on the district courts in non-tort claims for money damages not exceeding $10,000. *Orff v. United States*, 125 S.Ct. 2606, 2611 (2005). The Little Tucker Act may be extended to cover non-monetary claims if the declaratory or injunctive relief a claimant seeks has significant prospective effect or considerable value apart from merely determining monetary liability of the United States. *Hahn v. United States*, 757 F.2d 581, 590 (3rd Cir. 1985) and *Giordano v. Roudebush*, 617 F.2d 511 (8th Cir. 1980). Here, Defendant Onyema alleges that the United States and Access breached their contract by failing to provide indemnity and defense. This has value apart from determining the monetary liability of the United States (the United States would be required to defend Defendant Onyema) and would not require the United States to pay Defendant Onyema monetary damages in the event of a favorable ruling. Thus, the Court does not lack jurisdiction over the Cross-Claim.

## Law of the Case, *Res Judicata,* and Collateral Estoppel

Under doctrine of law of the case, a court will generally adhere to earlier rulings in the case. *Bethesda Lutheran Homes and Services, Inc. v. Born,* 238 F.3d 853, 858-859 (7th Cir. 2001). The doctrine rests on the principle that, once an issue is litigated and decided, it should be the end of the matter. *Evans v. City of Chicago,* 873 F.2d 1007, 1014 (7th Cir.1989) *(Evans)*; *Christianson v. Colt Indus. Operating Corporation,* 486 U.S. 800, 815-16 (1988) (when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case). In addition to a court's own decisions, the doctrine applies to the decisions of a coordinate court in the same case. *Christianson,* 486 U.S. at 816. In situations where a different member of the same court re-examines a prior ruling, the doctrine reflects the rightful expectation of litigants that a change of judges will not mean going back to square one. *Mendenhall v. Mueller Streamline Co.,* 419 F.3d 686, 691 (7th Cir. 2005).

However, the law-of-the-case doctrine "is no more than a presumption, one whose strength varies with the circumstances; it is not a straightjacket." *Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir. 1995). Furthermore, the law-of-the-case doctrine does not apply where there is (1) new evidence; (2) a controlling, contrary opinion from a higher court; or (3) evidence that the initial decision was clearly wrong and would work a substantial injustice. *Evans,* 873 F.2d at 1014; see *also Curran v. Kwon,* 153 F.3d 481, 487 (7th Cir. 1998) and *Fujisawa Pharmaceutical Co. v. Kapoor,* 115 F.3d 1332, 1339 (7th Cir. 1997).

Judge Moran previously ruled in *Buckley I* that Defendant Onyema is not entitled to defense and indemnity by the United States. District Judge Moran accepted the United States' explanation that HHS had determined that Defendant Onyema was not deemed a federal

9

employee for the purpose of this litigation and that while Defendant Onyema had been deemed a federal employee in the *Alexander* case, that determination had been made in error. As a general rule, the Court should adhere to this earlier ruling. *Bethesda Lutheran Homes & Services, Inc*, 238 F.3d at 858-859. Nonetheless, there is new evidence – presented in *Ismie* – that obviates the general presumption of the doctrine of law of the case.

As noted, in the *Buckley I* case, Judge Moran was presented with information provided by the United States that supported his determination that Onyema should not be deemed a federal employee. In contrast, in *Ismie,* Judge Joan B. Gottschall was presented with the full administrative record with respect to HHS's decision regarding the status of Onyema as an employee. This Court will take a fresh look at the strength of Defendant Onyema's claim in light of the full factual record. *See e.g., Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 283080 (N.D.Ill. Mar. 3, 2000) (finding some of the plaintiff's claims were time-barred on a motion for summary judgment after a previous judge denied a motion to dismiss based on allegations the claims were time-barred). Thus, the United States' motion to dismiss pursuant to the law-of-the-case doctrine is denied.

The United States asserts that the Cross-Claim should also be barred by the doctrines of *res judicata* and/or collateral estoppel. The United States asserts that Onyema is attempting to raise an issue which had been put at issue and determined by Judge Moran in the *Buckley I* case.

The doctrine of *res judicata* may apply where there is: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or privies to the two suits. *La Preferida, Inc. v. Cervecercia Modelo, S.A. de C.V.,* 914 F.2d 900, 907 (7th Cir. 1990). The doctrine of collateral estoppel provides that

10

"once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984). Collateral estoppel may apply when: (1) the party against whom estoppel is asserted was a party, or in privity with a party, to the prior adjudication; (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit; (3) the resolution of the particular issues was necessary to the court's judgments; and (4) those issues are identical to the issues raised in the subsequent suit. *County of Cook v. MidCon Corp.*, 773 F.2d 892, 898 (7th Cir. 1985).

Neither the doctrine of *res judicata* nor collateral estoppel bar Onyema's Cross-Claim because Judge Moran's order dismissing the complaint for plaintiff's failure to exhaust administrative remedies as to Access was an interlocutory order. As there is no final judgment on the merits, the United States' motion is denied. *In re 949 Erie Street*, 824 F.2d 538 (7th Cir. 1987).

In response to the United States' motion to dismiss his Cross-Claim, Defendant Onyema contends that the United States is collaterally estopped from arguing that Onyema is not deemed a federal employee for purposes of coverage under the FTCA because the United States raised and lost this argument in the *Ismie* case before Judge Gottschall. The Court will not convert the United States' Motion to Dismiss the Cross-Claim into Defendant Onyema's motion for summary judgment without providing all parties a reasonable opportunity to present all material permitted by Rule 56. *Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir. 2001). Thus, Defendant Onyema is given leave to file a motion for summary judgment on the Cross-Claim.

11

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss Defendant Onyema's Cross-Claim is denied. Defendant Onyema is given leave to file a motion for summary judgment on the Cross-Claim within 21 days of this order.

Dated: August 21, 2006

JOHN W. DARRAH
United States District Court Judge