# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LASHAUNA BUCKLEY, a mother and next of friend of CHLOYE DOUGLAS, a minor, <br><br> Plaintiff, <br><br> v. <br><br> MOUNT SINAI HOSPITAL MEDICAL CENTER; JACK KAEBLER, M.D.; GAZALA SIDDIQUI, M.D.; HYUN-SHIK KANG, M.D.; GODWIN OGOCHUKWU ONYEMA, M.D.; ONYEMA MEDICAL SERVICES, LTD.; ACCESS COMMUNITY HEALTH NETWORK, an Illinois corporation, f/k/a SINAI FAMILY HEALTH CENTERS, INC.; LAWRENCE FOGELSON, M.D.; EDWARD CHARLES LAMPLEY, M.D.; and THE MOUNT SINAI COMMUNITY FOUNDATION, <br><br> Defendants. | No: 05 C 1946 <br><br> Hon. John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lashauna Buckley, as mother and next friend of Chloye Douglas, filed a Complaint, alleging medical malpractice against Godwin Onyema, M.D. ("Onyema") and others regarding the care and treatment Onyema provided to Douglas in December 1998 at Mount Sinai Hospital Center n/k/a Access Community Health Network ("Access"). Currently before the Court are: (1) Onyema's Motion for Summary Judgment on his Cross-Claim and (2) the United States' Motion to Substitute a Party and to Dismiss Onyema.

1

## BACKGROUND

For purposes of this Motion, the facts are taken from Onyema's Cross-Claim, Onyema's Motion for Summary Judgment, the United States' Motion to Substitute, and the procedural history of this and related cases.

Plaintiff, Lashauna Buckley, first filed suit in the Circuit Court of Cook County in 2001. *Buckley v. Mt. Sinai Hospital*, 01-C-4938 (*Buckley I*).[1] The case was removed to federal court by the United States and assigned to U.S. District Court Judge Moran. Once removed, the United States was substituted as a defendant in place of Access; and the complaint was dismissed for failure to exhaust administrative remedies as to Access. With respect to Onyema, Judge Moran dismissed the case for lack of federal jurisdiction because the U.S. Department of Health and Human Services ("HHS") did not certify, pursuant to 42 U.S.C. § 233, that Onyema was deemed a federal employee pursuant to the Federal Tort Claims Act (FTCA) and the Federally Supported Health Centers Assistance Act (FSHCAA).[2],[3] (Onyema's 56.1(a)(3) Statement at ¶¶ 11-15). On October 10, 2001, Plaintiff voluntarily dismissed *Buckley I*. (Onyema's 56.1(a)(3) Statement at ¶ 15).

---

[1] The plaintiff, the facts, and the defendants in the *Buckley I* case are the same as in the underlying case currently before this Court.

[2] The FSHCAA expanded the federal government's waiver of sovereign immunity under the FTCA. Under the FSHCAA, federally supported health centers, their employees, and certain contractors are deemed to be employees of the Public Health Service ("PHS") for the purpose of medical malpractice suits. 42 U.S.C. § 233 (g)(1)(A). Once a person is deemed an employee of PHS, the FTCA provides exclusive remedy for alleged malpractice. 42 U.S.C. § 233 (a).

[3] HHS had earlier deemed Onyema a federal employee in an earlier medical malpractice case filed against him, *Alexander v. Mount Sinai Hosp. Medical Center of Chicago*, 00-C-2907, 165 F. Supp.2d 768 (N.D. Ill., 2001) (*Alexander*) (Onyema's 56.1(a)(3) Statement at ¶¶ 8-10).

2

In October 2004, after exhausting administrative remedies as to Access, Plaintiff again filed suit in the Circuit Court of Cook County, again naming Access and Onyema as Defendants. (*Buckley II*). (Onyema's 56.1(a)(3) Statement at ¶ 16). On February 4, 2005, the United States removed the case to the U.S. District Court for the Northern District of Illinois; and the case was assigned to this Court. (Onyema's 56.1(a)(3) Statement at ¶ 17). In June 2005, Defendant Onyema filed a Cross-Claim, seeking indemnification, defense, and all other remedies the Court deems just and appropriate against Access and the United States. In his Cross-Claim, Onyema alleged that he is covered under the FTCA pursuant to the FSHCAA, in light of the earlier ruling in *Alexander v. Mount Sinai Hosp. Medical Center of Chicago*, 00-C-2907, 165 F. Supp.2d 768 (N.D. Ill., 2001). (Onyema's 56.1(a)(3) Statement at ¶¶ 1, 18). In November 2005, the Plaintiff voluntarily dismissed Access as a Defendant. The United States then filed a Motion to Dismiss Onyema's Cross-Claim.

Before this Court ruled on the Motion to Dismiss the Cross-Claim, a judge in the Northern District of Illinois was asked for the fourth time to decide Onyema's status under the FSHCAA and the FTCA. All four cases involved the same employment contract, signed on July 1, 1997, by Onyema through a professional corporation – Onyema Medical Services, Ltd. – which he founded and is the sole shareholder and employee.[4] (Onyema's 56.1(a)(3) Statement at ¶ 24). U.S. District Court Judge Joan B. Gottschall issued a memorandum opinion, *Ismie Mutual Insurance Co. v. HHS*, 413 F. Supp.2d 954 (N.D. Ill. 2006) (*Ismie*), granting Ismie's motion for

---

[4] For a more detailed history, see *Buckley v. Mount Sinai Hosp. Medical Center*, 05 C 1946, 2006 WL 2460596 (N.D. Ill. Aug 21, 2006).

summary judgment, holding that HHS's decision that Onyema was not covered under the FTCA was contrary to law under the Administrative Procedures Act ("APA"), and that Onyema should be deemed a federal employee for purposes of the FTCA and FSHCAA. (Onyema's 56.1(a)(3) Statement at ¶¶ 22-23).

On August 21, 2006, this Court, in *Buckley II*, denied the Motion to Dismiss the Cross-Claim, holding that the Court did not lack subject-matter jurisdiction and that the law of the case, *res judicata*, and collateral estoppel (based on the earlier decision in *Buckley I*) did not bar Onyema from proceeding on his Cross-Claim for indemnity and defense against the United States. Onyema was then given leave to file a motion for summary judgment on his Cross-Claim, which he filed on September 11, 2006. While Onyema's Motion for Summary Judgment was pending, the United States filed a Motion for Substitution and to Dismiss Defendant Onyema. Attached to the United States' Motion was a certification, pursuant to 42 U.S.C. § 233, deeming Onyema to be a federal employee for purposes of the FTCA and the FSHCAA in the *Buckley II* case.

## ANALYSIS

### Motion for Substitution and to Dismiss Defendant Onyema

The United States also moves to substitute the United States as a Defendant in place of Onyema and to dismiss Onyema as a defendant in this *Buckley II* action.

As noted above, HHS has re-certified, pursuant to 42 U.S.C. § 233, deeming Onyema to be a federal employee and certified as acting within the scope of employment for purposes of this action. The FTCA, at 28 U.S.C. § 2679(d), and the FSHCAA, at 42 U.S.C. § 233(b) & (c), expressly provide that when a physician is deemed to be a federal employee and is certified as

4

acting within the scope of that employment, the Attorney General shall defend the malpractice action, the proceeding shall be deemed a tort action brought against the United States, and the United States shall be substituted as the party defendant. Thus, the United States' Motion is granted. This action must now be deemed a tort action brought against the United States, the United States must be substituted as the party defendant in place of Onyema, and Onyema must be dismissed as a defendant. 28 U.S.C. § 2679(d); 42 U.S.C. § 233(c).

## Summary Judgment

Summary judgment is appropriate under Rule 56 (c) when no genuine issue of material fact exists or when, drawing all factual inferences in favor of the nonmoving party, no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). Under this standard, Onyema's Motion for Summary Judgment is denied.

As Onyema has now been deemed a federal employee and certified as acting within the scope of employment for purposes of this action and the United States has been substituted as the party defendant in place of Onyema, 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), Onyema's motion for summary judgment with respect for his claims for indemnity and defense is denied as moot. Onyema needs no defense since he is dismissed from the case and, as a now-determined federally employed physician, would not be ordered to pay out damages in a FTCA case.

Onyema's Motion for Summary Judgment also seeks an order requiring the United States to reimburse Onyema and his insurer for attorney's fees and costs incurred to date in this case. This remedy was not sought in the Cross-Claim, except under the rubric of "any further relief this Honorable Court deems just and appropriate," nor is it authorized. The United States, as sovereign, is immune from suit save as it consents to be sued; and the terms of its consent to be sued define a court's jurisdiction to entertain suit. *United States v. Sherwood,* 312 U.S. 584, 586 (1941). The United States may waive its sovereign immunity by statute; but that waiver must be unequivocally expressed in statutory text, it may not be implied, and it must be strictly construed in favor of the sovereign. *Lane v. Peña,* 518 U.S. 187, 192 (1996). There is no waiver of sovereign immunity, which permits the award sought by Onyema. Also, neither the FTCA nor the FSHCAA provides that the United States must reimburse a "deemed" physician (or his insurer) for the attorney's fees or costs. Instead, these statutes provide that the physician who has been deemed a federal employee is dismissed from the malpractice action and replaced by the United States. 28 U.S.C. § 2679(d); 42 U.S.C. § 233(c). Thus, Onyema's motion seeking reimbursement for attorney's fees and costs incurred to date in this case is denied.

## **CONCLUSION**

The United States' Motion to Substitute the United States as Defendant in place of Onyema and to Dismiss Onyema as a Defendant is granted. Onyema's Motion for Summary Judgment is denied.

Dated: January 25, 2007

JOHN W. DARRAH
United States District Court Judge